UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK HILLER and TONYA HILLER,

    Plaintiffs,

v.

WILMINGTON SAVINGS FUND SOCIETY, FSB, et al.,

    Defendants.

Case No. 24-cv-11451

Honorable Robert J. White

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

I.    Introduction

Spouses Mark and Tonya Hiller commenced this diversity wrongful foreclosure action against Wilmington Savings Fund Society and Select Portfolio Servicing, Inc. The Hillers allege that defendants refused to honor a predecessor-in-interest's promise, allowing them to purchase their residence at a short sale for the home's fair market value.

Before the Court is defendants' motion to dismiss the complaint. (ECF No. 4). The Hillers responded. (ECF No. 6). Defendants filed a reply. (ECF No. 8). The

Court will decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is granted.

II. <u>Background</u>

On September 14, 2007, Mark and Tonya Hiller executed a mortgage loan with Household Finance Corp. in the amount of $419,998.55. (ECF No. 4-2, PageID.75). The Hillers granted Household Finance a mortgage encumbering their South Lyon residence (the "property") as security for the loan. (*Id.*, PageID.75-79). Household Finance recorded the mortgage in the Livingston County Register of Deeds on September 21, 2007. (*Id.*, PageID.75). Caliber Home Loans began servicing the loan on February 12, 2014. (ECF No. 1-2, PageID.21, ¶ 12).

On December 4, 2015, Caliber entered into a loan modification agreement with the Hillers. (ECF No. 4-3, PageID.81-85). The modification agreement adjusted the loan's principal balance and interest rate. (*Id.*, PageID.81-82). Caliber never promised the Hillers they would be entitled to purchase the property for fair market value when the loan modification payments ended.

Caliber transferred service of the loan to Select Portfolio on December 1, 2017. (ECF No. 1-2, PageID.21, ¶¶ 12, 16). On January 22, 2021, Select Portfolio responded to a letter from the Hillers requesting a short sale. (ECF No. 4-4, PageID.90). Select Portfolio informed the Hillers that:

> SPS may consider a Short Payoff option if the property does not appraise for the full payoff amount. In an approved Short Sale

2

> Payoff, SPS accepts an amount close to the fair market value of the property. *Please call SPS at the phone number provided below to discuss this option.*

(*Id.*) (emphasis added).

On May 18, 2023, Select Portfolio responded to another letter from the Hillers requesting a short sale. (ECF No. 4-5, PageID.100-01). It acknowledged receipt of the Hillers' two previous short sale proposals, offering to purchase the property for $270,000, *i.e.*, what they viewed as its fair market value. (*Id.*, PageID.100). Select Portfolio reminded the Hillers that "the owner of your mortgage has a right of approval [of a short sale offer] and has denied this option based on a business decision." (*Id.*). None of Select Portfolio's correspondence with the Hillers assured them they could purchase the property for fair market value when the loan modification payments concluded.

Meanwhile, Wilmington became the Hillers' mortgage holder through a November 2022 mortgage assignment. (ECF No. 1-2, PageID.22, ¶ 22). It commenced foreclosure by advertisement proceedings in June 2023 after the Hillers defaulted on their loan modification payments. (ECF No. 4-6, PageID.117-18).

In response, the Hillers filed this lawsuit in Livingston County Circuit Court. (ECF No. 1-2, PageID.19-30). They sought to enjoin the impending sheriff's sale, convert the foreclosure by advertisement to a judicial foreclosure proceeding, and assume "all legal title to the subject property." (*Id.*, PageID.24, ¶ 39(a); PageID.26-

3

27, ¶¶ 51-60; PageID.29, ¶ 73(a)). The complaint asserts causes of action against both Wilmington and Select Portfolio for declaratory relief, injunctive relief, quiet title, slander of title, statutory conversion, breach of contract, and negligence. (*Id.*, PageID.22-29, ¶¶ 27-50, 61-73). Defendants timely removed the case to the United States District Court for the Eastern District of Michigan. (ECF No. 1). Wilmington purchased the property at a sheriff's sale in the interim. (ECF No. 4-6, PageID.115). And the Hillers never redeemed the property. Defendants now jointly move to dismiss the complaint. (ECF No. 4).

III. <u>Legal Standards</u>

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

Along with the complaint, the Court may consider "any document not formally incorporated by reference or attached to the complaint as part of the pleadings if the document is referred to in the complaint and is central to the

4

plaintiff's claim." *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 365 (6th Cir. 2014). These documents include the mortgage, and any assignments, loan modification correspondence, or foreclosure advertisements that are referenced in the complaint and integral to the Hillers' claims. *Id.*

IV. <u>Analysis</u>

    A.    *Quiet Title*

The Hillers first seek to quiet title to the property under Mich. Comp. Laws § 600.2932. (ECF No. 1-2, pageID.23, ¶ 31). In Michigan, the party attempting to quiet title must show that they currently possess a "legal or equitable" interest in the subject property. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet Co. Rd. Comm.*, 236 Mich. App. 546, 550 (1999). The burden rests with the plaintiff to establish a prima facie case of title. *Special Prop VI, LLC v. Woodruff*, 273 Mich. App. 586, 590 (2007). If the plaintiff meets this threshold, the burden then shifts to the defendant to demonstrate a "superior right or title." *Beulah Hoagland*, 236 Mich. App. at 550. Dismissal of the complaint is warranted if the plaintiff cannot satisfy its initial burden. *Trademark Props. of Mich., LLC v. Fed. Nat. Mtg. Ass'n*, 308 Mich. App. 132, 138 (2014).

Wilmington commenced foreclosure proceedings on the property in June 2023. (ECF No. 4-6, PageID.117-18). The notice of foreclosure indicates that the Hillers defaulted on their loan payments in upwards of $829,000. (*Id.*). Wilmington

5

purchased the property at a February 14, 2024 sheriff's sale. (*Id.*, PageID.115). And the Hillers do not allege that they redeemed the property subsequently.

Because the resultant sheriff's deed invested Wilmington with equitable title to the property, that later ripened into absolute legal title when the redemption period expired, the Hellers cannot possibly quiet title in their favor. *See Wells Fargo Bank v. Country Place Condo. Ass'n*, 304 Mich. App. 582, 592 (2014) (observing that "after the sheriff's sale the purchaser becomes the owner of an equitable interest in the mortgaged premises, which is an interest or title, equitable in character, that becomes absolute once the redemption period expires.") (cleaned up); *see also Ruby & Assocs. v. Shore Financial Services*, 276 Mich. App. 110, 118 (2007).

B.  *Slander of Title*

The slander of title claim is equally unavailing.  Both common law and statutory slander of title require a showing of (1) falsity, (2) malice, and (3) special damages. *Anton, Sowerby & Assocs. v. Mr. C's Lake Orion, LLC*, 309 Mich. App. 535, 546 (2015). As for the "malice" prong:

> [a] slander of title claimant must show some act of express malice, which implies a desire or intention to injure. Malice may not be inferred merely from the filing of an invalid lien, the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury. A plaintiff may not maintain a slander of title claim if the defendant's claim under the mortgage or lien was asserted in good faith upon probable cause or was prompted by a reasonable belief that the defendant had rights in the real estate in question . . .

6

*Wells Fargo Bank v. Country Place Condo Ass'n*, 304 Mich. App. 582, 596 (2014).

Here, the sheriff's deed directly refutes the Hillers' contention that Wilmington's claim of title is false. And the complaint is devoid of any plausible allegations of malice, *i.e.*, that Wilmington "knowingly" commenced foreclosure proceedings "with the intent to" injure the Hillers. So the slander of title claim cannot withstand Rule 12(b)(6) dismissal.

    C.    *Statutory Conversion*

Next, the Hillers maintain that defendants converted the property from them in violation of Michigan's conversion statute. (ECF No. 1-2, PageID.24-25, ¶¶ 43-45). Mich. Comp. Laws § 600.2919a(1)(a) prohibits "stealing or embezzling property or converting property to the other person's own use." To establish a statutory conversion claim, the plaintiff must plausibly allege the common law elements of conversion along with the additional elements specified in the statute. *See Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 497 Mich. 337, 354-57 (2015). Common law conversion is "any distinct act of dominion wrongfully exerted over another's *personal property* in denial of or inconsistent with his rights therein." *Id.* at 346 (emphasis added).

The problem for the Hillers is that common law conversion solely applies to personal property, not real property. *See Eadus v. Hunter*, 268 Mich. 233, 237 (1934); *Embrey v. Weissman*, 74 Mich. App. 138, 143 (1977). The same goes for statutory

conversion. *See Bounds v. Krause*, No. 319279, 2015 Mich. App. LEXIS 878, at *6 (Mich. Ct. App. Apr. 23, 2015) (rejecting a statutory conversion claim because a "claim for conversion does not lie with respect to real property."). As a result, the statutory conversion claim must be dismissed.

D. *Breach of Contract*

The basic premise underlying the Hillers' breach of contract claim is that defendants reneged on Caliber's assurance that they could purchase the property for fair market value after making all the loan modification payments. (ECF No. 1-2, PageID.25-26, ¶¶ 47, 50(b)).

Breach of contract actions require plausible allegations "(1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *Dunn v. Bennett*, 303 Mich. App. 767, 774 (2014).

In this case, the breach of contract claim falters on the first element, *i.e.*, the existence of a contract. A "contract is a promise or a set of promises for which the law recognizes a remedy in the event of a breach of those promises." *Bodnar v. St. John Providence, Inc.*, 327 Mich. App. 203, 212 (2019). The Hillers cannot point to a single document showing that defendants, or their predecessors-in-interest, ever promised to release the mortgage lien upon (1) the Hillers' completion of their loan modification payments, and (2) their purchase of the property for fair market value.

8

And insofar as the Hillers assert that Select Portfolio made this arrangement through a "telephone conversation," Michigan's statute of frauds precludes any recovery on this claim.[1] (ECF No. 6, PageID.125). *See* Mich. Comp. Laws § 566.132(2)(b)-(c); *see also Barber v. Bank of Am., N.A.*, No. 11-cv-15449, 2013 U.S. Dist. LEXIS 12347, at *21-22 (E.D. Mich. Jan. 30, 2013) (holding that "any claims based on Defendants' alleged promise to grant Plaintiffs a short sale . . . are barred by Michigan's statute of frauds and must be dismissed."); *Hana v. Wells Fargo Bank*, No. 11-14442, 2012 U.S. Dist. LEXIS 67648, at *25-27, 29 (E.D. Mich. May 15, 2012) (same). The breach of contract claim, therefore, lacks sufficient merit to proceed.

E.  Negligence

With respect to the negligence claim, the complaint alleges that (1) defendants had "a duty to refrain from promising" the Hillers they would be entitled to purchase the property for fair market value after making all the loan modification payments,

---

[1] Both Wilmington and Select Portfolio qualify for the protections afforded under Michigan's statute of frauds because they are "financial institutions." Mich. Comp. Laws § 566.132(4); *see also Hubbard v. Select Portfolio Servicing, Inc.*, No. 16-11455, 2017 U.S. Dist. LEXIS 140872, at *25 (E.D. Mich. Mar. 16, 2017), *adopted by* 2017 U.S. Dist. LEXIS 139533 (E.D. Mich. Aug. 30, 2017) (finding that Select Portfolio is a "financial institution" because it is a registered mortgage servicer); *Frank v. Mortgage Elec. Registration*, No. 14-13518, 2014 U.S. Dist. LEXIS 167934, at *8-9 n.2 (E.D. Mich. Dec. 4, 2014) (finding that Wilmington is a "financial institution" because it is a federal savings association).

and (2) that defendants "breached their duty to refrain from" breaking this promise. (ECF No. 1-2, PageID.27, ¶¶ 62-63).

In Michigan, there is no "action in tort for nonperformance of a contract." *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 401 (2006); *see also Ferrett v. Gen. Motors Corp.*, 438 Mich. 235, 242 (1991). Rather, "[t]here must be a separate and distinct duty imposed by law" apart from the parties' contractual arrangement. *Id.*; *see also Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 467 (2004). Because the Hillers essentially repackaged their breach of contract claim as a tort action, the negligence claim fails to state a plausible claim for relief.

F. *Conversion to Judicial Foreclosure*

The Hillers also ask to convert the foreclosure by advertisement to a judicial foreclosure proceeding. (ECF No. 1-2, PageID.27, ¶¶ 59-60). That door is now closed for two reasons. *First*, there is no longer a mechanism under Michigan law to convert foreclosures by advertisement to judicial foreclosures. *See Miller v. Bank of N.Y. Mellon*, No. 21-1126, 2021 U.S. App. LEXIS 35755, at *13 (6th Cir. Dec. 1, 2021) (holding that foreclosure proceeding conversions are no longer available under Michigan law); *Wyatt v. JP Morgan Chase Bank, N.A.*, No. 15-1555, 2016 U.S. App. LEXIS 23995, at *6 (6th Cir. Apr. 6, 2016) (same). Michigan's Legislature repealed the loan modification statute authorizing such conversions over

ten years ago. *See* 2013 Mich. Pub. Acts 105 ("Sections 3205a to 3205d are repealed effective June 30, 2014.").

And *second*, under the previous statute, conversion to judicial foreclosure proceedings became unattainable once the foreclosure by advertisement concluded in a sheriff's sale. *See Holliday v. Wells Fargo Bank, NA*, 569 F. App'x 366, 370 (6th Cir. 2014) (holding that conversion could not "be done" because "the foreclosure sale had taken place"); *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012) (same). So the Hillers could not obtain a judicial foreclosure even under the old law since the sheriff's sale already occurred. For both these reasons, the foreclosure conversion request must be dismissed.

### G. *Injunctive and Declaratory Relief*

Lastly, the injunctive and declaratory relief claims are both implausible. The Hillers cannot obtain injunctive relief because (1) injunctive relief is not an independent cause of action, (2) any form of equitable relief is now moot since the sheriff's sale already occurred, and (3) the Hillers cannot prevail on any of their substantive claims. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663 (2008) (noting that "an injunction is an equitable remedy, not an independent cause of action."); *Kircher v. City of Ypsilanti*, 269 Mich. App. 224, 232 (2005) (holding that the plaintiff was entitled to injunctive relief only insofar as a substantive claim remained actionable); *Smith v. Harbottle*, Nos. 309596 & 311362, 2013 Mich. App. LEXIS

11

1670, at *10 n.6 (Mich. Ct. App. Oct. 17, 2013) (holding that a completed foreclosure sale mooted a request for injunctive relief).

Nor can they obtain a declaratory judgment for largely the same reasons. *See Taxpayers Allied for Constitutional Taxation v. Wayne Co.*, 450 Mich. 119, 128 (1995) (holding that a declaratory judgment must be founded upon some entitlement to substantive relief). Any injunctive or declaratory remedy is, therefore, unavailable. Accordingly,

IT IS ORDERED that defendants' motion to dismiss the complaint (ECF No. 4) is granted.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed with prejudice.

Dated: December 3, 2024                s/Robert J. White
                                       Robert J. White
                                       United States District Judge